UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KELVIN TOYO HENRY,

                                   Plaintiff,

         v.

McDONALD'S CO., et al.,

                                   Defendants.
_____

DECISION AND ORDER

23-CV-6140L

Plaintiff Kelvin Toyo Henry, appearing *pro se*, commenced this action by filing a complaint in this Court on February 28, 2023. The complaint purports to assert employment discrimination claims against McDonalds, Panera Bread Co. and Walmart, although it also seems to relate in some way to a criminal proceeding against Henry in South Carolina, and plaintiff's "conditions of confinement" at a county jail in Greenville, S.C. (Dkt. #1 at 1.)

What is clear is that all the parties to this action are in South Carolina, and that all the underlying events occurred there. Plaintiff states that "courts in the South are not taking any of my motions ...," Dkt. #1 at 4, so apparently he decided to file the complaint here in New York instead.

A plaintiff cannot bring an action in whatever district he wishes, however. Section 1391(b) of Title 28 provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... ." Plainly, neither of those circumstances exist here.

Section 1406 (a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See also* 28 U.S.C. § 1631 (when a court where an action was filed finds that there it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought").

The caveat that transfer is appropriate when it would be "in the interest of justice" is an important one. "[T]here is no obligation to keep meritless claims alive through transfer to another court." *Johnson v. Lappin*, 478 F.App'x 487, 492 (10th Cir. 2012). *See also Haugh v. Booker*, 210 F.3d 1147, 1150-51 (10th Cir. 2000) (authorizing district court to "take a peek at the merits" to "avoid wasting judicial resources that would result from transferring a case which is clearly doomed") (internal citation and quotations omitted); *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (stating that it is a waste of judicial resources to require the transfer of frivolous cases). *See*, *e.g.*, *Adeleke v. United States*, 355 F.3d 144, 152 (2d Cir. 2004) ("We do not remand for transfer in this case ... because Adeleke so plainly fails to allege a [viable claim] that transfer would not serve 'the interest of justice'").

Having reviewed the complaint, I conclude that transfer to South Carolina would not be in the interest of justice. The complaint is a mishmash of vague allegations of racial discrimination (*e.g.*, plaintiff alleges that "[w]hile working at Wal-mart store white people would do racist thing like push me out of the way and say racist remarks"), complaints about plaintiff's

attorney in South Carolina, and gripes about the South Carolina courts and the county jail. I see no basis for any federal claim here, and accordingly the complaint is dismissed.[1]

## CONCLUSION

Plaintiff's complaint is dismissed for improper venue pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 19, 2023.

---

[1] I also note that plaintiff has neither paid a filing fee nor filed a motion to proceed *in forma pauperis* in this action.